**Filed**

JUN 1 8 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

OA 91   Criminal Complaint

# United States District Court

NORTHERN _____ DISTRICT OF _____ CALIFORNIA

UNITED STATES OF AMERICA
V.

ROSA ESMERELDA MARTINEZ

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

Case Number:

# 13-70686 PSG

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about __June 4, 2013__ in __Monterey__ County, in

the _____Northern_____ District of _____California_____ defendant(s) did,

(Date)

(Track Statutory Language of Offense)

Possess cocaine wiht intent to distribute

in violation of Title 21 _____ United States Code, Section(s) 841(a)(1) _____

I further state that I am a(n) __Special Agent  with the ICE__ and that this complaint is based on the

Official Title

following facts:

SEE ATTACHED AFFIDAVIT OF SPECIAL DWAYNE SANCHEZ

Continued on the attached sheet and made a part hereof:        ☒ Yes        ☐ No

Approved
As To
Form: Gary G. Fry
AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

__6·18·13__
Date

at   SAN JOSE, CALIFORNIA

City and State

Hon. Paul S. Grewal                    United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT OF DWAYNE SANCHEZ

I, Dwayne Sanchez, Special Agent with Homeland Security Investigations being duly sworn, do declare and state:

1.  I am a Special Agent of the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed since March 2003. Prior to that, I was employed with the U.S. Immigration and Naturalization Service (INS). I started my employment with INS in 1995. I am currently assigned to HSI San Jose.

2.  During my law enforcement career, I have conducted or participated in criminal investigations involving immigration violations, criminal street gangs, narcotics trafficking, child exploitation, and intellectual property rights violations.

3.  This affidavit is made in support of a Criminal Complaint charging **Elfego SERRANO-Gutierrez and Rosa Esmeralda MARTINEZ**, with possession of cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1).

4.  Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me that supports probable cause for arrest. Rather, I have set forth only the facts I believe are necessary to support the lawful arrest of the individual listed in this affidavit.

5.  Where statements made and actions taken by other individuals (including other law enforcement officers) are referenced in this affidavit, such statements and actions are described in sum and substance and in relevant part only.  Similarly, where information contained in reports and other documents or records are referenced in this affidavit, such information is also described in sum and substance and in relevant part only.

6.  I learned the following from conferring with officers of the Soledad Police Department, as well as reviewing their reports:

    a.  On June 4, 2013 at approximately 1313 hours, a traffic stop was conducted on a vehicle for going over the posted speed limit in a school zone and for having non-functioning lights.

    b.  Rosa Esmeralda MARTINEZ, of 1771 Sausalito Place, Soledad, California, was driving the vehicle. When asked for her license, MARTINEZ informed the officer that she did not have a valid California driver's license.

    c.  MARTINEZ was asked to step out of her vehicle and asked if her vehicle could be searched. MARTINEZ gave her permission to search her vehicle. A second Soledad Police officer arrived to assist. The second officer had a canine named Marco who has been trained to detect the presence of controlled substances.

d.  The second officer and Marco conducted a systematic search of the exterior portion of the vehicle. Marco alerted on the right side of the vehicle and the driver side door handle. At this point MARTINEZ spontaneously stated that she had cocaine inside her purse, which was located in plain view on the back seat.  The officer retrieved that purse and searched it. He located what appeared to be cocaine. It appeared to have been broken off a much larger "brick" of Cocaine. It was later field tested and weighed. It tested presumptively positive for cocaine, and weighed 15.5 grams.

e.  Also discovered were three notebooks. Inside each of the notebooks were "pay-owe" sheets, i.e., drug transaction ledgers showing dollar amounts along with names and apparent weights for drugs and money apparently owed to MARTINEZ.  When the officer found the cocaine MARTINEZ stated that she was unemployed and had to sell cocaine to make money. She also stated that there were packaging material located in her house. Elfego SERRANO-Gutierrez was also an occupant of this residence. MARTINEZ told the officers that SERRANO-Gutierrez was her husband.

f.  Elfego SERRANO Gutierrez was brought to the Soledad, California Police Department. He was advised of his Miranda rights, and agreed to waive them. He told officers that he knew his wife used cocaine, but denied that he knew that she sold cocaine. He was informed that officers were in the process of obtaining a search warrant for his residence, and asked if officers would find any drugs there. SERRANO-Guttierez said "No."

g.  A state search warrant, #7681, was obtained from the Superior Court of the County of Monterey. It authorized the search of the residence located at 1771 Sausalito Place, Soledad, California, and any vehicles located on the premises which were registered to, or under the immediate control of, the occupants of the residence.

h.  At approximately 2000 hours on the same day, i.e., June 4, 2013, officers of the Soledad Police Department executed the search warrant. They found a large scale with white powder residue in the cabinet below the sink in the bathroom of the master bedroom. There was also a bronze colored scale in the cabinet. A cardboard box was found in the cabinet. It contained the following items: (1) a plastic bindle containing a white powdery substance; (2) four zip-lock baggies containing various amounts of a white powdery substance; and (3) a black digital scale which had a white powdery residue all over it. The powder in the zip-lock baggies was field tested for the presence of controlled substances. It tested presumptively positive for cocaine. It weighed 8.78 grams. Various substances known to be "cutting agents" were also located.

i.  A green "Winnie the Pooh" square metal box was located in a dresser in the master bedroom. It contained $1,340.00 in U.S. currency and pay-owe sheets.  A blue wallet was also located in the dresser. It contained $1,232.00 in U.S. currency.

j.  A clear Gerber container containing a white powdery substance was found in the closet of the master bedroom. The powder was removed from the Gerber container

and placed in a zip-lock baggie. The baggie and it contents were then weighed. It weighed approximately 51.1 grams. A zip- lock baggie containing a hardened white powdery substance was also found in the closet. It weighed approximately 135.9 grams.

k. A red Folgers coffee container was located in the master bedroom closet. It contained $3,254.43 in U.S. currency.

7. On June 4, 2013, MARTINEZ and SERRANO were arrested and transported to Monterey County Jail without incident.

8. A review of SERRANO's criminal history indicates the following:

a. On June 11, 1992, **SERRANO** was convicted in the Superior Court of California, in and for the County of Monterey, of violating California Health and Safety Code section 11350, possession of a controlled substance.

b. On the same date, June 11, 1992, SERRANO was also convicted in the Superior Court of California, in and for the County of Monterey, of violating California Health and Safety Code section 11351, possession of a controlled substance for sale.

c. On January 4, 1996, **SERRANO** was convicted in the Superior Court of California, in and for the County of Monterey, of violating California Health and Safety Code section 11350, possession of a controlled substance.

d. On September 19, 1996, **SERRANO** was convicted in U.S. District Court, in and for the Eastern District of California, of violating Title 18, United States Code, Section 911, making a false claim to U.S. citizenship.

9. A review of MARTINEZ's criminal history indicates the following:

a. On November 18, 2004, **MARTINEZ** was convicted in the Superior Court of California, in and for the County of Monterey, of violating section 415 of the California Penal Code, disturbing the peace.

//

//

//

//

//

//

3

10. Based on the foregoing, I hereby assert that probable cause exists to believe that **SERRANO and MARTINEZ** each violated Title 21, United States Code, Section 841(a)(1), Possession of Methamphetamine with the Intent to Distribute. I therefore respectfully request that warrants be issued for their arrest.

Dwayne Sanchez
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me
this 18th day of June, 2013

HONORABLE PAUL S. GREWAL
UNITED STATES MAGISTRATE JUDGE

4